UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
~~~~~~~~~~~~~~~~~~~~~~~~~~~

HENDON H. MOON,

                          Plaintiff,

      - vs -                                      6:06-CV-0066
                                                     (DNH)(GJD)

UNITED STATES POSTAL SERVICE;
CHERYL MATT; and KAREN FURNO,

                          Defendants.

~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~

APPEARANCES:

HENDON H. MOON
Plaintiff, *pro se*

DAVID N. HURD
United States District Judge

## DECISION and ORDER

Presently before the Court is an amended complaint filed by Hendon H. Moon ("plaintiff"). Dkt. No. 6. The amended complaint was submitted by plaintiff in accordance with this Court's March 16, 2006 Order ("March Order").[1] Dkt. No. 3.

In the March Order, the Court observed the following:

> [T]he manner in which Plaintiff sets forth his claims in the complaint is so confused and rambling as to make it difficult to assess the sufficiency of his claims. Therefore, the complaint does not contain a short **and plain** statement of Plaintiff's claims showing that he is entitled to relief, as required by Rule 8. *See* Fed. R. Civ. P. 8(a)(2).
> . . .

---

[1] The March 16, 2006 Order directed Plaintiff to submit an amended complaint and the $250.00 filing fee if he wished to avoid dismissal of this action. Dkt. No. 3. Plaintiff subsequently paid the required filing fee.

> Plaintiff does not provide specific allegations of fact **indicating a deprivation of rights**. Therefore, it appears that Plaintiff has failed to set forth a cause of action under § 1983.
>
> . . .
>
> [I]f Plaintiff claims that more than one Defendant violated his civil and/or constitutional rights or that Defendants violated his civil and/or constitutional rights on more than one occasion, he shall include a corresponding number of paragraphs in his amended complaint for each such allegation, with each paragraph specifying (**1) the alleged act of misconduct; (2) the date on which such misconduct occurred; (3) the names of each and every Defendant who participated in such misconduct; (4) where appropriate, the location where the alleged misconduct occurred; and (5) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights.**

Dkt. No. 3, at pp. 3-4 (original emphasis).

A review of the amended complaint reveals that it does not cure the above deficiencies. Plaintiff still sets forth confusing, rambling allegations that fail to show that plaintiff is entitled to relief. For instance, in the amended complaint, plaintiff claims that defendant Matt "should have sought medical help" for plaintiff's injuries, and that defendant Furno "contraverted [sic]" plaintiff's worker's compensation case.[2] Dkt. No. 6, at ¶5. However, plaintiff does not explain what is meant by these statements nor do they show that he is entitled to relief.

---

[2] To the extent that Plaintiff may be seeking review of his worker's compensation claims, this Court lacks jurisdiction over any such claims. Judicial review of administrative decisions denying claims for work-related compensation is expressly precluded under the Federal Employees Compensation Act ("FECA"), 5 U.S.C. § 8128. *See Votteler v. United States*, 904 F.2d 128, 130 (2d Cir. 1990) (FECA is the exclusive remedy for work-related injuries sustained by federal employees); *Nicastro v. Runyon*, 60 F.Supp.2d 181, 186 (S.D.N.Y. 1999) (finding lack of jurisdiction over any claims regarding former postal employee's work-related compensation). While some federal courts have construed FECA to allow for limited judicial review for constitutional claims that an agency exceeded the scope of its delegated authority and for claims invoking violations of a clear statutory mandate, the Second Circuit has not directly addressed whether an implicit and narrow exception exists to FECA's preclusion of judicial review. *Alenski v. Potter*, No. CV-03-2179, 2005 WL 1309043, *10 (E.D.N.Y. May 18, 2005) (citations omitted). In this case, Plaintiff does not set forth any such constitutional claim.

Moreover, plaintiff still does not provide specific allegations of fact indicating a deprivation of rights which is a prerequisite to recover under 42 U.S.C. § 1983. *See Barr v. Adams*, 810 F.2d 358, 363 (2d Cir. 1987) ("complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights"). Accordingly, plaintiff still fails to set forth a cause of action under § 1983.

In light of the fact that plaintiff has failed to comply with the March Order, this action is hereby dismissed.

WHEREFORE, it is hereby

ORDERED, that this action is DISMISSED, without prejudice, due to plaintiff's failure to comply with this Court's March 16, 2006 Order, and it is further

ORDERED, that the Clerk serve a copy of this Order on plaintiff.

IT IS SO ORDERED.

United States District Judge

Dated:  June   1, 2006
        Utica, New York.

3